___ FILED X LODGED
___ RECEIVED ___ COPY
JAN 1 2 2015
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ___ DEPUTY

X FILED ___ LODGED
___ RECEIVED ___ COPY
APR 0 6 2015
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ___ DEPUTY

JOHN S. LEONARDO
United States Attorney
District of Arizona
LISA E. JENNIS
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1200
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Lisa.Jennis@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>vs.<br>Benton Tyler Thomas Hall,<br>Defendant. | CR-14-00184-3-PHX-NVW<br><br>**PLEA AGREEMENT** |

Plaintiff, United States of America, and the defendant, BENTON TYLER THOMAS HALL, hereby agree to dispose of this matter on the following terms and conditions:

**1. PLEA**

The defendant will plead guilty to Counts 3 and 4 of the indictment charging the defendant with a violation of 18 United States Code (U.S.C.) §§ 514(a)(2) and 2, a Class B felony offense.

**2. MAXIMUM PENALTIES**

a. A violation of 18 U.S.C. § 514(a)(2), is punishable by a maximum fine of $250,000, a maximum term of imprisonment of 25 years, or both, and a term of supervised release of 5 years.

b. According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

SCANNED

(1) make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2) pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3) serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4) pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013(a)(2)(A).

c. The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

d. The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if defendant is a recently naturalized United States citizen or is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including defendant's attorney or the district court, can predict to a certainty the effect of defendant's conviction on defendant's immigration status in the United States. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is defendant's automatic removal from the United States.

## 3. AGREEMENTS REGARDING SENTENCING

a. Recommendation. Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend that defendant be sentenced at the bottom of the applicable guideline range.

b. Recommendation. Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend that with respect to the guidelines offense characteristic considered in U.S.S.G. section 3B1.2(b) [Mitigating role in the offense], that defendant shall receive a two level decrease as he was a minor participant in the criminal activity range.

c. Non-Binding Recommendations. The defendant understands that recommendations are not binding on the Court. The defendant further understands that the defendant will not be permitted to withdraw the guilty plea if the Court does not follow a recommendation.

d. Stipulation. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that any sentence imposed in this matter will be served concurrently with defendant's sentence in United States District Court, District of South Carolina, Greenville Division, CR-13-170-CRI-2.

e. Stipulation. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that the amount of loss attributable to this defendant is more than $1,000,000 but less than $2,500,000 so a 16 level increase applies under U.S.S.G. Section 2B1.1(b)(1)(I).

f. Acceptance of Responsibility. If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G.§ 3E1.1(a). If the defendant has an offense level of 16

or more, the United States will recommend an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

**4. AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

a. Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States shall dismiss the following charges: Counts 1 and 2 of the Indictment.

b. This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office.

**5. COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

a. If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

b. If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

**6. WAIVER OF DEFENSES AND APPEAL RIGHTS**

The defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the

manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under Title 18, U.S.C., § 3582(c). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar a claim by the defendant of ineffective assistance of counsel.

**7. DISCLOSURE OF INFORMATION**

a. The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

b. Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

c. The defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

(1) criminal convictions, history of drug abuse, and mental illness; and

(2) financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

**8. FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

a. Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the schedule of payments shall be merely a

schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

**9. ELEMENTS**

**Using Fictitious Instrument**

On or about January 2013, in the District of Arizona:

1. The defendant did or caused the passing, uttering, or presentation of a false or fictitious instrument, document, or other item;
2. The false or fictitious instrument, document, or other items appears, represents, or purports to be an actual security or other financial instrument issued under the authority of the United States; and
3. The defendant acted with the intent to defraud.

**10. FACTUAL BASIS**

a. The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

My father and co-defendant, Gordon Hall, conducted seminars at our home in Mesa in which he would teach people how to eliminate debt through the filing of certain documents and financial instruments which in reality had no value. Most of Gordon Hall's clients were people who owed the IRS significant money and wanted to eliminate their debt. I was one of the employees of Gordon Hall's company. The clients paid us to file documents in an effort to eliminate their debt. The clients were asked specific questions, the answers to which would be inputted into a spreadsheet by an employee of Gordon's company.

The spreadsheets created by Gordon's company would be emailed to Brandon Adams and Adams would merge fields with a template that

appeared to be a money order and would be printed out on check stock paper by Adams so the checks looked authentic. Adams would mail or hand-deliver Gordon Hall the fictitious money orders which would eventually be mailed to the IRS with the goal that the client's tax debt would be eliminated.

The imitation money orders created by Adams looked authentic and contained language from the Uniform Commercial Code as well as the name of the client and the client's social security number which was used as the account number on the imitation money order. The routing number listed on the fictitious money order was for the Federal Reserve Bank and the drawee was Timothy Franz Geithner, the United States Secretary of the Treasury. By submitting the fictitious money order to the IRS, the taxpayers believed they were no longer responsible for the tax debt and the liability would be passed on to the Secretary of the Treasury.

In January 2013, Adams created two fictitious money orders so that Gordon Hall could attempt to pay off his United States tax liability from 1996 and 1997. I know that Gordon Hall contacted the IRS to get the exact amount he owed for tax years 1996 and 1997. On January 28, 2013, I went to a Phoenix post office and mailed two separate packages, registered mail, to the IRS and each package contained a fictitious money order created by Adams. One package contained a fictitious money order in the purported amount of $868,397.60 and the second in the amount of $635,176.26. I knew that these fictitious money orders were intended to defraud the IRS. I am aware that my father and Adams created additional similar fictitious money orders for their clients. My

co-defendants and I engaged in this activity in an attempt to eliminate the tax debt owed by Gordon Hall.

b. The defendant shall affirm under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

**APPROVAL AND ACCEPTANCE OF THE DEFENDANT**

I have read the entire plea agreement with the assistance of my advisory attorney as I represent myself. I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my advisory attorney, as I represent myself. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of advisory counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my advisory attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my advisory attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to

modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my advisory attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my advisory attorney has represented me in a competent manner.

I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

12th of January 2015
Date

BENTON TYLER THOMAS HALL
BENTON TYLER THOMAS HALL
Defendant

## APPROVAL OF ADVISORY DEFENSE COUNSEL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further

discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

1.12.15
Date

ERIC KESSLER
Advisory Attorney for Defendant

## APPROVAL OF THE UNITED STATES

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

JOHN S. LEONARDO
United States Attorney
District of Arizona

1-12-15
Date

LISA E. JENNIS
Assistant U.S. Attorney

## ACCEPTANCE BY THE COURT

4-6-15
Date

Honorable NEIL V. WAKE
United States District Judge