UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, Plaintiff, | ) | CR-14-0184-PHX-NVW |
| vs. | ) | Phoenix, Arizona<br>June 13, 2014<br>9:36 a.m. |
| Gordon Leroy Hall, Defendant. | ) | |

BEFORE: THE HONORABLE MICHELLE H. BURNS, MAGISTRATE JUDGE

## TRANSCRIPT OF PROCEEDINGS

## APPOINTMENT/DETENTION HEARING

APPEARANCES:

For the Government:
U.S. Attorney's Office
By: LISA JENNIS , ESQ.
40 North Central Avenue, Suite 1200
Phoenix, AZ 85004

For the Defendant Hall:
STEPHEN CHRISTOPHER KUNKLE, ESQ.
5150 North 16th Street, Suite A222
Phoenix, AZ 85016

Transcriptionist:
Linda Schroeder
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, Spc. 32
Phoenix, Arizona 85003-2151
(602) 322-7249

Proceedings Recorded by Electronic Sound Recording
Transcript Produced by Transcriptionist

THE CLERK: Case number CR 14-184, United States of America versus Gordon Leroy Hall, on for appointment of counsel and detention hearing.

MS. JENNIS: Good morning, Your Honor. Lisa Jennis for the United States.

THE COURT: Good morning, Ms. Jennis.

MR. KUNKLE: Good morning, Your Honor. Stephen Kunkle standing by for possible appointment for Mr. Hall who is seated to my left. I understand, Your Honor, also this may be scheduled for a detention hearing as well.

THE COURT: I'm having a little trouble hearing you, Mr. Kunkle, if you could speak up a little bit please.

MR. KUNKLE: I'm sorry, Your Honor. I'm standing by, Your Honor, for possible appointment for Mr. Hall and also understand this may be set for a detention hearing this morning as well. I have had a chance to meet with Mr. Hall prior to the call of the case downstairs. May I approach, Your Honor, with an affidavit?

THE COURT: You may.

Good morning, Mr. Hall.

THE DEFENDANT: Good morning, magistrate.

THE COURT: All right. I am reviewing a financial affidavit that appears to have been signed, and it does indicate that Mr. Hall qualifies for court-appointed counsel. I will appoint Mr. Kunkle to represent him.

This is also the time set for a detention hearing. Are the parties prepared to proceed?

MS. JENNIS: Well, I am, but Mr. Kunkle's -- I don't know if he is.

THE COURT: Your having just arrived, are you prepared?

MR. KUNKLE: Yes, Your Honor. I am -- I have talked to Mr. Hall about this briefly downstairs. It's my understanding, Your Honor, from the information I have -- and perhaps the Court can correct me otherwise -- that Mr. Hall's currently in the Bureau of Prisons custody. And I would believe based on that and the information I see here in the government motion that he's serving a 180- or 188-month sentence in the Bureau of Prisons custody.

Now, there's some information Mr. Hall provided to me related to that. But it would seem to me that a detention hearing would be rather a moot point in terms of the fact if he's -- Let's just say everything worked great this morning for our perspective -- he's released -- he's still not going anywhere. And I believe the marshals can confirm he is in custody as well with the Bureau of Prisons.

So it would seem to me a detention hearing would be a moot point at this point, but I would like to confer with Mr. Hall to see how he'd like to proceed.

THE COURT: Well, and not only that, but I could

release him in this case, and the problem that could potentially arise for him is that if he is not receiving credit while he's in custody here in the District of Arizona toward that sentence you're now serving, then if I do release you in this matter, all the time that you're in custody in this district, there isn't any way that you could argue to have that credit be applied toward any sentence you might receive here.

So even if you had a detention hearing and I released Mr. Hall, it could endanger the opportunity you might have to get credit for this sentence. But go ahead and confer with Mr. Hall.

(The defendant and his counsel confer off the record.)

MR. KUNKLE: Your Honor, if I may?

THE COURT: You may.

MR. KUNKLE: After conferring with Mr. Hall, I think the best posture to put this forth to the Court would be that based on the information that I've provided to the Court that he is serving a sentence, that we would submit the issue of detention to Your Honor based on that point to this, you know -- And I don't want to state consent to detention only because if there is a change in circumstances in his sentence or his appeal -- as I understand there may be an appeal outstanding on that other matter for which he's serving the sentence -- we would like to maybe come back and revisit detention if there were that change in circumstances down the

road.

But at this point in time, based on all the available information -- it would appear that a detention issue -- the Court releasing him would be moot. But we would like to keep that open if it should change later on and a change of circumstances should arise.

THE COURT: Fair enough. Ms. Settel, any objection to proceeding in that fashion?

MS. JENNIS: No, Your Honor.

THE COURT: Then I will order the defendant detained and certainly without prejudice to the renewal of the release question should Mr. Hall prevail in his appeal.

Anything further we need to address today?

MR. KUNKLE: Your Honor, the only other question, if I may ask the Court -- I could obviously find this out later -- one printout that's in this packet for the defense here is that there's a trial date of July 1st, but Mr. Hall also believed it was set out until September already. It may have been continued. I just wanted to verify that.

THE COURT: I do not know. Ms. Settel.

MS. JENNIS: I can verify that on June 4th Judge Wake ordered that the new trial date is September 2nd, 2014, at 9:00 a.m. with a pretrial motion deadline of August 8th, 2014.

THE COURT: Does that answer your question, Mr. Kunkle?

MR. KUNKLE: The government's very helpful at times, Your Honor. Yes, it does answer my questions.

THE COURT: With that clarification, anything further?

MR. KUNKLE: I don't believe we have anything further at this time, Your Honor.

THE COURT: All right. Thank you.

MS. SETTEL: Thank you.

(Proceedings recessed at 9:42 a.m.)

C E R T I F I C A T E

I, LINDA SCHROEDER, court-approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

DATED at Phoenix, Arizona, this 19th day of August, 2015.

s/Linda Schroeder
Linda Schroeder